STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RECEIVED

DEC 28 2005

Property of U.S. District Court
District of Rhode Island

EDWARD ROBERGE and DEBORAH ROBERGE :
:
: C.A. No.:
vs. :
:
DAIMLER CHRYSLER GROUP :

CA 05 537 S

## COMPLAINT

### PARTIES

1. Plaintiff, Edward Roberge is a resident of the Town of North Smithfield, County of Providence, State of Rhode Island.

2. Plaintiff, Deborah Roberge, is a resident of the Town of North Smithfield, County of Providence, State of Rhode Island.

3. At all times relevant, Deborah Roberge was and is the wife of Edward Roberge.

4. The defendant, Daimler Chrysler Group, is a corporation certified to do business and doing business in the State of Rhode Island.

### FACTS

5. On or about August 15, 2002, Edward Roberge was lawfully and legally driving in his vehicle, a 1994 Dodge Colt, on New River Road, in Lincoln, Rhode Island.

6. Said 1994 Dodge Colt was manufactured by the defendant, Daimler Chrysler Group.

7. Edward Roberge was the first and only owner of this vehicle and at no time changed or in any way altered the airbag system in his car such that at the time of the incident, the airbag system was in all material respects in this same condition as when purchased.

8. On said date, the airbag in Mr. Roberge's 1994 Dodge Colt deployed, causing serious injuries to Mr. Roberge.

### COUNT I

1. Plaintiffs hereby incorporate Paragraphs 1 through 8, as if fully set forth herein.

2. On or about August 15, 2002, Edward Roberge was operating his vehicle, a 1994 Dodge Colt, on New River Road, in Lincoln, Rhode Island.

3. On the aforementioned date, Edward Roberge suffered personal injuries when the airbag in the above-mentioned vehicle deployed.

4. The manufacturer of this motor vehicle, Daimler Chrysler Group, manufactured this motor vehicle in a defective condition which was unreasonably dangerous.

5. As a result of defendant, Daimler Chrysler Group's, defective design and manufacture of said motor vehicle, plaintiff, Edward Roberge, did suffer pain and suffering.

6. As a direct and proximate result of Daimler Chrysler Group's defective design and manufacture of said motor vehicle, Edward Roberge suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

7. By reason of the foregoing, plaintiffs Edward Roberge and Deborah Roberge have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

8. By reason of the foregoing, plaintiff, Edward Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of his wife, Deborah Roberge.

9. By reason of the foregoing, plaintiff Deborah Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of her husband, Edward Roberge.

WHEREFORE, plaintiffs Edward Roberge and Deborah Roberge demand judgment against defendant, Daimler Chrysler Group, in a sum exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever and further relief this Court deems just.

## COUNT II

10. Paragraph 1 of Count I is hereby incorporated by reference as if set forth fully at length herein.

11. On or about August 15, 2002, plaintiff Edward Roberge, was operating his vehicle, a 1994 Dodge Colt, on New River Road, in Lincoln, Rhode Island, when the airbags from the vehicle he had purchased from defendant, Daimler Chrysler Group, did deploy.

12. As a result of said deployment, plaintiff, Edward Roberge, did suffer personal injuries.

13. Defendant, Daimler Chrysler Group, did provide an implied warranty to individuals using this motor vehicle that this motor vehicle was fit for its customary and ordinary use.

14. Said motor vehicle was not fit for its customary and ordinary use.

15. As a direct and proximate result of Daimler Chrysler Group's breach of its implied warranty to the plaintiff, Edward Roberge suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

16. By reason of the foregoing, plaintiffs Edward Roberge and Deborah Roberge have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

17. By reason of the foregoing, plaintiff, Edward Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of his wife, Deborah Roberge.

18. By reason of the foregoing, plaintiff Deborah Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of her husband, Edward Roberge.

WHEREFORE, plaintiffs Edward Roberge and Deborah Roberge demand judgment against defendant, Daimler Chrysler Group, in a sum exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever and further relief this Court deems just.

## COUNT III

19. Paragraph 1 of Count I is hereby incorporated by reference as if set forth fully at length herein.

20. On or about August 15, 2002, Edward Roberge was operating his vehicle, a 1994 Dodge Colt, on New River Road, in Lincoln, Rhode Island.

21. On the aforementioned date, Edward Roberge suffered personal injuries when the airbag in the above-mentioned vehicle deployed.

22. Said motor vehicle was negligently designed and manufactured by defendant, Daimler Chrysler Group.

23. As a result of defendant, Daimler Chrysler Group's, negligence in manufacturing of said motor vehicle, Edward Roberge suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

24. By reason of the foregoing, plaintiffs Edward Roberge and Deborah Roberge have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

25. By reason of the foregoing, plaintiff, Edward Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of his wife, Deborah Roberge.

26. By reason of the foregoing, plaintiff Deborah Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of her husband, Edward Roberge.

WHEREFORE, plaintiffs Edward Roberge and Deborah Roberge demand judgment against defendant, Daimler Chrysler Group, in a sum exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever and further relief this Court deems just.

## COUNT IV

27. Paragraph 1 of Count I is hereby incorporated by reference as if set forth fully at length herein.

28. On or about August 15, 2002, Edward Roberge was operating his vehicle, a 1994 Dodge Colt, on New River Road, in Lincoln, Rhode Island.

29. On the aforementioned date, Edward Roberge suffered personal injuries when the airbag in the above-mentioned vehicle deployed.

30. Prior to August 15, 2002, Daimler Chrysler was aware of the unreasonably dangerous, defective condition of plaintiff's vehicle.

31. The defendant, Daimler Chrysler Group, intentionally failed to notify the plaintiff of the defective condition. By failing to notify the plaintiff, the defendant acted in a willful and reckless manner in that defendant knew or should have known that said defective condition constituted a risk of serious body injury.

32. Prior to August 15, 2002, defendant, Daimler Chrysler Group, had the opportunity to correct this defective and unsafe condition, but intentionally and recklessly failed to do so.

33. As a result of the above-mentioned intentional and reckless conduct of the defendant, Daimler Chrysler Group, Edward Roberge suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, has suffered a loss of earning capacity and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

34. By reason of the foregoing, plaintiffs Edward Roberge and Deborah Roberge have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

35. By reason of the foregoing, plaintiff, Edward Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of his wife, Deborah Roberge.

36. By reason of the foregoing, plaintiff Deborah Roberge, has suffered and will continue to suffer the loss of services, companionship and comfort and consortium of her husband, Edward Roberge.

WHEREFORE, plaintiffs Edward Roberge and Deborah Roberge demand judgment against defendant, Daimler Chrysler Group, in a sum exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever and further relief this Court deems just.

Plaintiffs,
By their attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

Date: August 15 2005

**PLAINTIFF'S DEMAND A TRIAL BY JURY AS TO ALL COUNTS AND DESIGNATE AMATO A. DELUCA AS TRIAL COUNSEL**

# STATE OF RHODE ISLAND
## SUPERIOR COURT
## CIVIL CASE COVER SHEET

CASE #

RECEIVED DEC 28 2005 Property of U.S. District Court District of Rhode Island

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Edward Roberge and Deborah Roberge | Daimler Chrysler ~~Group~~ Corp. |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (x) YES ( ) NO IF YES: (x) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# 5182
PRO SE/NAME: Miriam Weizenbaum DATE: TODAY

(REV06-06)

RECEIVED

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

DEC 28 2005

Property of U.S. District Court
District of Rhode Island

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-4192

EDWARD ROBERGE AND DEBORAH ROBERGE
Plaintiff

DAIMLER CHRYSLER ~~GROUP~~ CORP
Defendant

**Summons**

A true copy #58 attest [signature] Constable

To the above-named Defendant: DaimlerChrysler ~~Group~~ Corp, AGENT FOR SERVICE CT CORPORATION 10 WEYBOSSET STREET PROVIDENCE, RI 02903

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Miriam Weizenbaum Plaintiff's attorney, whose address is 199 North Main Street Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature] CLERK

Dated: December 8, 2005

(Seal of the Superior Court)

S-135 (REV. 10/00)