**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD ROBERGE and DEBORAH ROBERGE**<br><br>**Plaintiffs,**<br>v.<br><br>**DAIMLER CHRYSLER GROUP**<br><br>**Defendant.** | ) | **CIVIL ACTION NO. 05-537S**<br>**JURY DEMANDED** |

**DAIMLERCHRYSLER CORPORATION'S (IMPROPERLY NAMED AS DAIMLER CHRYSLER GROUP) ANSWER TO COMPLAINT AND JURY DEMAND**

## PARTIES

1. DaimlerChrysler Corporation (DCC) is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the plaintiffs' Complaint.

2. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the plaintiffs' Complaint.

3. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the plaintiffs' Complaint.

4. DCC admits that it is a corporation certified to do business in the State of Rhode Island.

## FACTS

5. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the plaintiffs' Complaint.

6. DCC denies the allegations contained in this paragraph.

7. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the plaintiffs' Complaint.

8. DCC denies the allegations contained in this paragraph.

## COUNT I

1. DCC repeats and realleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

2. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the plaintiffs' Complaint.

3. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the plaintiffs' Complaint.

4. DCC denies the allegations contained in this paragraph.

5. DCC denies the allegations contained in this paragraph.

6. DCC denies the allegations contained in this paragraph.

7. DCC denies the allegations contained in this paragraph.

8. DCC denies the allegations contained in this paragraph.

9. DCC denies the allegations contained in this paragraph.

## COUNT II

10. DCC incorporates by reference its responses to the allegations of Count I of the plaintiffs' Complaint.

11. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the plaintiffs' Complaint. Further answering, DCC denies that the plaintiff purchased the vehicle from DCC.

12. DCC denies the allegations contained in this paragraph.

13. DCC responds that it provided all warranties required by law.

14. DCC denies the allegations contained in this paragraph.

15. DCC denies the allegations contained in this paragraph.

16. DCC denies the allegations contained in this paragraph.

17. DCC denies the allegations contained in this paragraph.

18. DCC denies the allegations contained in this paragraph.

## COUNT III

19. DCC incorporates by reference its responses to the allegations of Count I of the plaintiffs' Complaint.

20. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of the plaintiffs' Complaint.

21. DCC denies the allegations contained in this paragraph.

22. DCC denies the allegations contained in this paragraph.

23. DCC denies the allegations contained in this paragraph.

24. DCC denies the allegations contained in this paragraph.

25. DCC denies the allegations contained in this paragraph.

26. DCC denies the allegations contained in this paragraph.

## COUNT IV

27. DCC incorporates by reference its responses to the allegations of Count I of the plaintiffs' Complaint.

28. DCC is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of the plaintiffs' Complaint.

29. DCC denies the allegations contained in this paragraph.

30. DCC denies the allegations contained in this paragraph.

31. DCC denies the allegations contained in this paragraph.

32. DCC denies the allegations contained in this paragraph.

33. DCC denies the allegations contained in this paragraph.

34. DCC denies the allegations contained in this paragraph.

35. DCC denies the allegations contained in this paragraph.

36. DCC denies the allegations contained in this paragraph.

WHEREFORE, DaimlerChrysler Corporation demands judgment be entered in its favor dismissing the plaintiff's Complaint along with interest, costs and disbursements incurred herein.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims against DCC are barred, in whole or in part, because his alleged injuries and damages, if any, were proximately caused by his own negligence or other wrongdoing.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims against DCC are barred because his alleged injuries and damages, if any, were caused by the acts or omissions of third persons over whom DCC exercised no control and for whose conduct DCC bears no responsibility.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims against DCC are barred because if the product was defective, which DCC expressly denies, the Plaintiff was aware of the risk of any alleged defective and dangerous condition and nonetheless voluntarily and unreasonably proceeded to encounter the known dangers created by the alleged defects.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against DCC are barred because the conduct of the Plaintiff, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of Plaintiffs' alleged injuries and damages.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against DCC are barred because the Plaintiffs' alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against DCC are barred insofar as they are based on a theory of breach of warranty because the Plaintiffs failed to give DCC timely notice of the alleged breach thereby causing DCC undue prejudice.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against DCC are barred, in whole or in part, due to the comparative fault of the Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against DCC are barred because the Plaintiff misused the subject vehicle, and such misuse contributed to cause the Plaintiffs' alleged injuries and damages.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims against DCC are barred by R.I. G. L. 1965 9-1-32, because a substantial cause of Plaintiffs' alleged injuries and damages was a subsequent alteration or modification of the product.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the Plaintiff's assumption of the risk.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' complaint fails to state a claim upon which relief may be granted as against DCC.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent punitive damages are claimed, unless DCC's alleged liability for punitive damages (which DCC expressly denies) and the amount of punitive damages are required to be established by clear and convincing evidence, any amount of punitive damages would violate DCC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and of the due process provisions of the Rhode Island Constitution and would be improper under the common law and public policies of the State of Rhode Island.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent they are made, the Plaintiffs' claims for punitive damages against DCC cannot be sustained, because any breach of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate DCC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and of the due process provisions of the Rhode Island Constitution and would be improper under the common law and public policies of the State of Rhode Island.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent they are made, the Plaintiffs' claims for punitive damages against DCC

cannot be sustained, because an award of punitive damages under Rhode Island law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriated size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including residence, wealth, and corporate status of DCC, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standards, would violate DCC's due process and equal protective rights guaranteed by the Fourteenth Amendment of the United States Constitution and by the Rhode Island constitutional provisions providing for due process and equal protection and would be improper under the common law and public policies of the State of Rhode Island.

## JURY DEMAND

DCC demands a trial by jury on all issues.

Dated: January 2, 2005

**DAIMLERCHRYSLER CORPORATION**

By its Attorneys,
**CAMPBELL CAMPBELL EDWARDS & CONROY PROFESSIONAL CORPORATION**

Holly M. Polglase #5692

James M. Campbell
Anthony J. Sbarra, Jr.
Campbell Edwards & Conroy, P.C.
One Constitutional Plaza
Boston, MA 02129
(617) 241-3000
Fax (617) 241-5115
hpolglase@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

I, Holly M. Polglase, of Campbell Campbell Edwards & Conroy Professional Corporation, attorney for DaimlerChrysler Corporation, hereby certify that on January 3, 2005, a true copy of the above document was served upon the attorney of record for the plaintiff by First Class Mail.

Holly M. Polglase